IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAUN THOMPSON, #09106-029, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 21-cv-01097-JPG ) |
| UNKNOWN PARTY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On September 3, 2021, this case was opened upon receipt of a letter (Doc. 1) to the Clerk of Court from Braun Thompson. *See Bahler v. Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007) (clerk may not refuse *pro se* plaintiff's initial submission, a letter, for failing to follow Rule 8 of the Federal Rules of Civil Procedure). In the letter dated September 1, 2021, Thompson requests immediate testing for flu-like symptoms he developed on August 28, 2021. (Doc. 1). Due to the urgent nature of this request, the Court will take up this matter without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

### The Letter

Thompson is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the United States Penitentiary at Marion, Illinois ("USP-Marion"). In his letter, Thompson explains that he developed flu-like symptoms on August 28, 2021. (Doc. 1, pp. 1-7). His symptoms are similar to those he experienced in November 2020 when he tested positive for COVID-19. (*Id.* at 1).

1

Thompson notified staff and requested testing for proper diagnosis and treatment of his condition on August 28, 2021. (*Id*. at 1, 3, 5, and 7). He also self-isolated in his single-person cell. (*Id*. at 1). As of September 1, 2021, Thompson's requests for medical care have fallen on deaf ears while his symptoms have persisted. He claims that no inmates in his block are receiving COVID-19 testing. (*Id*. at 7). He seeks "emergency assistance regarding flu infection." (*Id*. at 1). Thompson submitted the letter without a complaint naming a defendant, without the $402.00 filing fee for a civil action, and without a motion for leave to proceed *in forma pauperis* (IFP motion).

## Discussion

**A.     Letter**

Although *pro se* litigants are not required to follow the same standards as licensed attorneys, they are also not entitled to general dispensation from the rules of procedure. *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3, Advisory Committee Notes, 1937 Adoption. This is the first step in the action. Without one, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr. v. City of Chicago*, 431 F.3d 1065-1069-70 (7th Cir. 2005). Moreover, the Court cannot entertain an application for injunctive relief in the absence of a viable complaint that identifies the person(s) responsible for the deprivations of the plaintiff's rights.

Therefore, the Court must consider whether Thompson's letter is sufficient to constitute a complaint before determining whether any injunctive relief should be granted. This, in turn, requires consideration of the letter under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any

portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  When reviewing the letter through this lens, the Court finds that it falls short of a complaint and fails to articulate a claim against a defendant.

First, Thompson invokes no basis for jurisdiction.  It is therefore unclear whether he seeks relief under 28 U.S.C. § 1331, *Bivens*, the Administrative Procedures Act ("APA"), the Federal Tort Claims Act ("FTCA"), or otherwise.  To the extent he seeks injunctive relief in the form of medical testing and treatment, Thompson may be able to obtain relief under *Bivens* and/or the APA.  To the extent he seeks money damages against individual federal agents, he may be able to obtain relief under *Bivens*.  And, if he seeks money damages against the United States for the tortious misconduct of federal officers, he may find relief under the FTCA.  Thompson is free to file a Complaint invoking one or more bases for jurisdiction and relief.

Second, Thompson identifies no defendants in connection with a claim.  A proper complaint identifies the defendants, by name or generic reference, in the case caption.  FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").  Without one, the Court is left to guess who might be the subject of Thompson's suit.  Plaintiffs are required to associate specific defendants with specific claims, in order to put each defendant on notice of the claim(s) brought against him or her and so the defendant can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Even at this early stage, Thompson must decide who to name as a defendant in connection with his claims and list each defendant in the case caption and/or in the list of defendants.  He must also describe what each defendant did, or did not do, in violation of his rights under federal law.

The Court finds that the letter does not constitute a complaint. Because the letter does not identify any basis for jurisdiction or any defendant in connection with a cause of action, the Court is left to fill in these blanks. The Court cannot do this. Thompson must make these decisions. If Thompson wishes to proceed with any claims against a defendant, he may file a proper complaint according to the instructions and deadline set forth below.

**B.     Emergency Relief**

In the absence of an underlying Complaint or a verified affidavit demonstrating a right to relief, the Court is unable to consider Thompson's application for emergency relief at this time. However, Thompson may renew his request by filing a new "Motion for Temporary Restraining Order and/or Preliminary Injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure" on or after the date he files a complaint. In the motion, Thompson should describe the exact relief he seeks and set forth each of the facts that support his request for relief. Absent a complaint or verified affidavit, the Court is unable to grant Thompson emergency relief.

That said, the Court commends Thompson for alerting prison staff to his symptoms and self-isolating until such time as he undergoes testing and treatment for his flu-like symptoms. The Court shall direct the Clerk's Office to transmit a copy of this Order to the Warden of USP-Marion for any action he or she deems necessary to protect the health and safety of Thompson and other inmates.

**C.     IFP Status**

Thompson must either prepay the $402.00 filing fee for this action or file a properly completed IFP motion on or before **October 4, 2021**. He is warned that failure to do so shall result in dismissal of the action with an obligation to pay the filing fee that survives dismissal. If he wishes to avoid this obligation, Thompson may file a Motion for Voluntary Dismissal by the same

deadline indicating that he does not intend to pursue his claims herein; this is the only way he can avoid the obligation to pay a filing fee for this action.

## Disposition

**IT IS ORDERED** that Thompson's letter (Doc. 1) and related request for emergency relief are **DENIED** without prejudice.  However, the Clerk's Office is **DIRECTED** to **TRANSMIT** a copy of this Order and Thompson's Letter (Doc. 1) to the **WARDEN of UPS-MARION** for any action he or she deems necessary to protect the health, safety, and well-being of Thompson and other inmates.

**IT IS ORDERED** that on or before **October 4, 2021**, Thompson shall file a Complaint, thereby properly initiating an action.  In addition, he must either prepay the full $402.00 filing fee or file a properly completed IFP motion by the same deadline.  He is **WARNED** that failure to comply with this paragraph shall result in dismissal of the action and the ongoing obligation to pay the filing fee for it.  FED. R. CIV. P. 41(b).  The only way to avoid the obligation to pay the filing fee is to file a Motion for Voluntary Dismissal of Case by the same deadline of October 4, 2021.  If Thompson still seeks interim relief, he may file a new "Motion for TRO and/or Preliminary Injunction Under Fed. R. Civ. P. 65(a) or (b)" with his Complaint or any time thereafter.  The Clerk's Office is **DIRECTED** to **SEND** Thompson a blank civil rights complaint form for use in preparing and filing a Complaint.

Thompson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing no later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/7/2021**             s/J. Phil Gilbert
                                **J. PHIL GILBERT**
                                **United States District Judge**